[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16215
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20050-DPG-15

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARREL PRENELL GIBBS,
a.k.a. G,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 16, 2017)

Before ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Appellant Darrel Gibbs appeals his 120-month sentence after pleading guilty

to one count of conspiring to possess with the intent to distribute at least 100 grams

of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(i).  He argues that the court failed to consider his health condition and all 18 U.S.C. § 3553(a) factors other than his criminal history.

The sole issue this appeal raises is whether Gibbs's sentence is substantively unreasonable.  We find that it is not and affirm the district court's decision.

## I.

A grand jury indicted Gibbs and nineteen codefendants in a twelve-count indictment for various drug-trafficking crimes.  Gibbs was charged in only Count 3, which alleged conspiracy to possess with the intent to distribute at least 100 grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(i).  He pled guilty.

At sentencing, the district court determined Gibbs's offense level to be 21, after accounting for acceptance of responsibility.  It found Gibbs's criminal history to fall within Category III.  As a result, Gibbs's guideline range was 46 to 57 months.  But the minimum term of imprisonment for Gibbs's crime was five years. 21 U.S.C. § 841(b)(1)(B).  So under U.S.S.G. § 5G1.1(b), Gibbs's guideline range became 60 months' imprisonment.

The government recommended the mandatory minimum sentence of 60 months' imprisonment.  After hearing arguments from both sides, the district court sentenced Gibbs to 120 months' imprisonment.  It noted that it had considered the

presentence investigation report ("PSR"), the statements of the parties, the advisory guideline range, and the 18 U.S.C. § 3553(a) factors. In explaining the basis for the sentence it imposed, the court noted that it was deeply concerned about Gibbs's criminal history. In the court's view, Gibbs's criminal-history category did not adequately represent the number of prior felony convictions he had sustained, the severity of the crimes involved in those cases, and the short period of time between convictions.

The court also accounted for Gibbs's health conditions in its sentence. Gibbs was wheelchair bound, received dialysis three times per week, had a history of drug addiction, and had a number of medical complications while incarcerated pending trial. So at the request of Gibbs's attorney, the district court recommended that Gibbs be permitted to participate in a drug-treatment program and that he be housed in Springfield, Missouri, one of the only two federal facilities that take prisoners with dialysis issues.

## II.

We review the substantive reasonableness of a sentence, regardless of whether the sentence imposed falls inside or outside the guideline range, under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). When the district court committed no significant procedural error, such as improperly calculating the guideline range or inadequately explaining the chosen

sentence, we examine whether, in light of the totality of the circumstances, the sentence imposed was substantively reasonable. *Id.* at 51. The appellant bears the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We defer to the district court because it sees and hears firsthand from the defendant and the government. So it is well positioned to fashion an appropriate sentence. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1255 (11th Cir. 2015). As a result, when the ultimate sentence is reasonable in light of all the circumstances, we will not second-guess the weight the district court placed on a particular factor or factors. *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010). We need not deem the district court's sentence the most appropriate one possible, as long as the sentence is reasonable. *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*). But a court abuses its discretion if it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) balances the proper factors unreasonably and so commits a clear error of judgment. *Id.* at 1189.

The district court's task is to impose a sentence "sufficient, but not greater than necessary" to (1) "reflect the seriousness of the offense," (2) "promote respect for the law," (3) "provide just punishment for the offense," (4) deter criminal

conduct, (5) "protect the public from the defendant's future criminal conduct," and (6) provide the defendant with any training and medical treatment in the most effective manner. 18 U.S.C. § 3553(a)(2); *Rosales-Bruno*, 789 F.3d at 1253–54. In imposing a particular sentence, the court must consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the kinds of sentences available, (4) the applicable guideline range, (5) the pertinent policy statements of the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities, and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

### III.

Gibbs contends that the trial court erred in imposing a 100% upward variance from the high end of the guidelines range. In particular, Gibbs complains that the court placed too much weight on his criminal history and totally excluded all other § 3553(a) factors, including his medical condition. We are not persuaded.

The Sentencing Guidelines are advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005). After the sentencing court has correctly calculated the guideline range, it must seriously consider the Sentencing Guidelines, but it can also tailor the sentence in light of other § 3553(a) factors, with proper explanation. *Gall*, 552 U.S. at 46.

Criminal history is an appropriate and relevant factor to consider under 18 U.S.C. § 3553(a). Despite the express consideration of criminal history in the Sentencing Guidelines, district courts have considerable latitude in deciding how to weigh a defendant's prior crimes. *Rosales-Bruno*, 789 F.3d at 1261.

In *Rosales-Bruno*, for example, the district court placed particular emphasis on Rosales-Bruno's criminal history. *Id.* at 1253. We upheld the 87-month sentence, which was 60 months above the high end of the guideline range, and involved, as a percentage, a variance significantly greater than the one at issue here. *Id.* at 1251.

In Gibbs's case, the district court similarly held that Gibbs's criminal category did not adequately represent his criminal history. Contrary to what Gibbs argues, the district court focused on the "individualized, particularized, specific facts" in sentencing Gibbs. *Id.* at 1260. It expressly considered the "very serious offenses" of which Gibbs had been convicted. And it accounted for Gibbs's "almost complete[] noncomplian[ce]" with his supervised-release conditions following his release from earlier imprisonment. While Gibbs takes issue with his longer sentence in comparison to those of his codefendants who shared the same criminal-history category, the district court explained that "no[t] one of [the codefendants] have these priors [that Gibbs had]. I mean, not even close." That's a permissible basis for distinction between otherwise-similarly situated defendants.

6

Nor did the district court consider only Gibbs's criminal history. Rather, the court expressly stated that it has considered all the § 3553(a) factors and statements of the parties. And though the district need only acknowledge that it has considered the defendant's arguments and the § 3553(a) factors instead of explicitly discussing each factor, *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), here, the court highlighted several § 3553(a) factors other than the criminal history, including the need to protect the public and the characteristics of the defendant.

The district judge also was fully aware of and considered Gibbs's health condition. Indeed, at the request of the defendant, the court recommended to the Bureau of Prisons that Gibbs be permitted to participate in the intensive drug-treatment program and be sent to Springfield, Missouri, which is one of two facilities that take prisoners with dialysis issues. We cannot say that the district court was unreasonable in determining that, even accounting for Gibbs's medical impairments, the sentence was necessary to further the goals of § 3553(a). *See United States v. Hayes*, 762 F.3d 1300, 1308 (11th Cir. 2014) (noting that age and health are not overwhelming factors to support the defendant's sentence of probation).

7

## IV.

For the foregoing reasons, we affirm the sentence of the district court.

**AFFIRMED**.